UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **United States of America** ) | |
| ) | CR 04-10370-RGS |
| **v.** ) | |
| ) | |
| **Ryan Martin** ) | |

### GOVERNMENT'S RESPONSE TO MOTION TO REVIEW BAIL

The United States Attorney hereby respectfully opposes Defendant's motion for revocation of the detention order.

A.   <u>Defendant Has Not Presented Previously Unknown Information</u>.

This Court ordered pretrial of Defendant on November 24, 2004, having determined after a hearing that the Defendant was a risk of flight and a danger to the community. Under 18 U.S.C. § 3142(f), the Defendant may seek to re-open this determination based on previously unknown information. However, nothing presented by Defendant meets the standard set forth in § 3142(f). Defendant has presented numerous unsworn documents, assertedly from friends and family of Defendant, generally stating that the Defendant is a good person and not a danger to the community. These documents do not meet the threshold set forth in § 3142(f).

Section 3142(f) authorizes the Court to reopen a detention hearing "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing" and if such information is relevant to the rebuttable presumption of detention. 18 U.S.C. § 3142(f); <u>United States v. Dillon</u>, 938 F.2d 1412, 1415 (1st Cir. 1991). In <u>United States v. Dillon</u>, defendant Dillon sought to re-open a bail hearing in order to submit (1) affidavits of friends and family which concluded that the Dillon would not pose a danger to the community and would appear before the Court when ordered, (2) an affidavit signed by defendant offering to abide by

any terms the court chose, including house arrest, and (3) an offer from defendant's father to post property valued at $ 200,000 to secure defendant's appearance. The district court denied Dillon's motion to reopen the question of bail, rejecting Defendant's contention that the information presented by defendant was new, and the United States Court of Appeals for the First Circuit affirmed. The court noted that the defendant's initial hearing had occurred nine days after arrest, and his appeal had been heard 17 days after arrest. Given this amount of time, the district court concluded that Dillon "had had sufficient time to obtain the affidavits and letters, or to arrange for the personal appearance of any witnesses." Dillon, 938 F.2d at 1415 (describing district court opinion). Therefore, regardless of when the documents themselves were produced, "the *information* contained in the affidavits and letters was indeed available to defendant at the time of the hearing." Id. (emphasis in original).

In the instant case, Defendant Martin has presented fifteen unsworn documents from friends and family, all of which state in essence that Martin is a good person and not a threat to society. These documents, like the Affidavits in Dillon, do not qualify as information unknown to the movant at the time of his initial hearing. Given the number of years that these persons have been associated with Martin, the information was "known" to Martin at the time of his detention hearing. Martin was represented at this detention hearing by private counsel with whom he had a longstanding relationship based on his pending state criminal assault and counterfeiting charges, and the hearing was scheduled 14 days after Defendant Martin was arrested based on defense counsel's motion for a continuance. On these facts, like in Dillon, counsel's election not to present witnesses who would be subject to cross-examination on their knowledge of Martin's state and federal criminal activities does not make that information "not

known to the movant" within the meaning of 3142(f).

    B.    <u>Defendant's Information Does Not Warrant a Change in Conditions.</u>

Even if this Court were to re-consider bail based on the information presented by Martin, detention of Martin continues to be appropriate. Martin has been charged with trafficking in oxycodone, a highly addictive drug for which the maximum penalty is more than twenty years imprisonment, twice the sentence that gives rise to the presumption of detention under 18 U.S.C. 3142(f).[1] Additionally, the Grand Jury has indicted Martin for witness tampering in addition to the narcotics trafficking initially charged by Complaint. Evidence supporting this charge, demonstrating that Martin made death threats to a person that Martin believed was cooperating with law enforcement, was presented at the detention hearing. Moreover, the events supporting the death threats and the narcotics trafficking charges occurred while Martin was on pre-trial release from state charges of counterfeiting, assault with a deadly weapon, and failing to register as a sex offender. The federal charges for obstruction, the state charges for failure to register, and the fact that Martin the federal violations occurred while on state release show a pattern of disregard for court orders that together constitute clear and convincing evidence that Martin is a danger to the community and that he is a risk of flight. Likewise, Martin's failure to register,

---

[1] In his motion, Martin asserts that he is likely facing a sentence of no more than five years, and that he is likely safety valve eligible. The government disputes this assertion. Under the Guidelines, Martin's narcotics offenses warrant a base offense level of 26, with an enhancement for obstruction of 2 points. The death threats disqualify him from any safety valve consideration. <u>See</u> 18 U.S.C. § 3553(f)(2); USSG § 5C1.2(a)(2). Accordingly, under the Guidelines, Martin is facing a sentence of 78-97 months. Moreover, the sentencing court may determine that Martin's obstruction of justice, occurring as it did while he was on pretrial release from serious state charges, warrants an upward departure under the Guidelines, or that § 3553(a)(2)(A)-(C) requires a sentence above the ordinary Guideline range, as permitted by <u>United States v. Booker</u> and <u>United States v. Fanfan</u>, __ , U.S. __ , 2005 WL 50108 (January 12, 2005).

and his use of threats to avoid prosecution, show that he is unlikely to abide by court-imposed conditions of release.  See <u>United States v. Pierce</u>, 107 F. Supp. 2d 126, 128 (D. Mass. 2000) (holding that indictment for drugs and witness tampering while on probation shows an unwillingness to abide by conditions of supervision).

    For the reasons set forth above, the Government respectfully submits that revocation of the detention order is not appropriate.

                                              Respectfully submitted,

                                              MICHAEL J. SULLIVAN
                                              United States Attorney

By:    /s/ Nancy Rue
        Nancy Rue
        Assistant U.S. Attorney