


**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

July 14, 2005

Michael Bourbeau, Esquire
77 Central Street, 2nd floor
Boston, MA 02109

Re:   Ryan Martin
      Criminal No. 04-10370-RGS

Dear Mr. Bourbeau:

   This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Ryan Martin ("Martin"), in the above-captioned case. The Agreement is as follows:

   1.   Change of Plea

   At the earliest practicable date, Martin shall plead guilty to the following counts of the above captioned Indictment:

   Count One:     Conspiracy To Distribute Oxycodone, in violation of 21 U.S.C. § 846;

   Count Two:     Distribution of Oxycodone, and Aiding and Abetting Same, in violation of 21 U.S.C. § 841(a)(1);

   Count Three:   Distribution of Oxycodone, and Aiding and Abetting Same, in violation of 21 U.S.C. § 841(a)(1); and

   Count Five:    Witness Intimidation, in violation of 18 U.S.C. § 1512(b)(3).

Martin expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crimes charged in Counts 1 through 3 and 5 of the Indictment, and is in fact guilty of those offenses.

Michael Bourbeau, Esquire
RE: Ryan Martin CR No. 04-10370-RGS
page  2

2.  Penalties

Martin faces the following maximum penalties:

Counts 1-3:   A maximum of 20 years' imprisonment, to be followed by a term of supervised release of at least 3 years up to life, a fine of up to $1,000,000, and a $100 special assessment;

Count 5:   A maximum of 10 years' imprisonment, to be followed by a term of supervised release of not more than 3 years, a fine of up to $250,000, and a $100 special assessment.

3.  Sentencing Guidelines

The sentence to be imposed upon Martin is within the discretion of the sentencing Court, subject to the statutory maximum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by United States v. Booker and United States v. Fanfan, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005).  In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The parties will take the following positions at sentencing with respect to the application of the United States Sentencing Guidelines:

The parties agree to take the position that Martin is responsible for an amount of oxycodone which is the equivalent of 100 to 400 kilograms of marijuana and that the base offense level for Counts 1 through 3 is 26.  The charges in Count 5 result in an additional two levels.

Martin will take the position that the Court should apply § 5C1.2 of the Sentencing Guidelines and therefore, pursuant to § 2D1.1(b)(7) of the Sentencing Guidelines, his offense level should be reduced by two levels.

The U.S. Attorney will recommend applying § 5C1.2 of the Sentencing Guidelines if the U.S. Probation Office finds that Defendant meets the requirements of §5C1.2(1)-(4) and if the U.S. Attorney finds that Martin has personally satisfied § 5C1.2(5).

Michael Bourbeau, Esquire
RE: Ryan Martin CR No. 04-10370-RGS
page 3


The U.S. Attorney and Martin agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines except as set forth in Paragraph 7, below. Accordingly, neither the U.S. Attorney nor Martin will seek a departure on any other ground from the Sentencing Guidelines.

Based on Martin's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Martin's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Martin:

 (a) Fails to admit a complete factual basis for the plea;

 (b) Fails to truthfully admit his conduct in the offenses of conviction;

 (c) Falsely denies, or frivolously contests, relevant conduct for which Martin is accountable under U.S.S.G. § 1B1.3;

 (d) Fails to provide truthful information about his financial status;

 (e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Martin is accountable under U.S.S.G. § 1B1.3;

 (f) Engages in acts which form a basis for finding that Martin has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

 (g) Intentionally fails to appear in Court or violates any condition of release;

 (h) Commits a crime;

 (i) Transfers any asset protected under any provision of this Agreement; and/or

Michael Bourbeau, Esquire
RE: Ryan Martin CR No. 04-10370-RGS
page  4

        (j)   Attempts to withdraw his guilty plea.

Martin expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Martin expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Martin obstructs justice after date of this Agreement.

4.  Sentence Recommendation

In the event that the U.S. Attorney does not file a motion under U.S.S.G. §5K1.1 and/or 18 U.S.C. §3553(e), the U.S. Attorney agrees to recommend the following sentence before the District Court:

    (a)   Incarceration or other confinement at the low end of the range specified by the Sentencing Guidelines;

    (b)   Fine within the range specified by the Sentencing Guidelines, unless the court finds that Martin is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

    (c)   Forfeiture as set forth in paragraph 9;

    (d)   Mandatory special assessment of $400;

    (e)   Supervised release of not less than 3 years.

Martin agrees that he will provide to the U.S. Attorney notice of any expert on which he intends to rely at sentencing not later than twenty-one days before sentencing and that he will provide expert reports, motions, memoranda of law and documentation of any kind on which he intends to rely at sentencing at least fourteen days in advance.  Any use of an expert for which notice was not provided at least twenty-one days in advance of sentencing and any other basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at least fourteen days in advance of sentencing shall be deemed waived.

Michael Bourbeau, Esquire
RE: Ryan Martin CR No. 04-10370-RGS
page 5

    5.    <u>Payment of Mandatory Special Assessment</u>

Martin agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Martin establishes to the satisfaction of the Court that Martin is financially unable to do so.

    6.    <u>Waiver of Rights to Appeal and to Bring Collateral Challenge</u>

Martin is aware that he has the right to challenge his sentence and guilty plea on direct appeal. Martin is also aware that he may, in some circumstances, be able to argue that his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Martin knowingly and voluntarily waives his right to appeal or collaterally challenge:

    (1)    Martin's guilty plea and any other aspect of Martin's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues; and

    (2)    The imposition by the District Court of a sentence which does not exceed that being recommended by the U.S. Attorney pursuant to this agreement.

Martin's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on ineffective assistance of counsel or on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

    7.    <u>Cooperation</u>

    a.    <u>Terms of Cooperation</u>

Martin agrees to cooperate fully with law enforcement agents

Michael Bourbeau, Esquire
RE: Ryan Martin CR No. 04-10370-RGS
page  6


and government attorneys.  He must provide complete and truthful information to all law enforcement personnel.  If his testimony is requested, he must testify truthfully and completely before any grand jury, and at any hearing and trial.  Martin must answer all questions put to him by any law enforcement agents or government attorneys and must not withhold any information.  He must not attempt to protect any person or entity through false information or omission, or to implicate falsely any person or entity.  Upon request, he must furnish all documents, objects and other evidence in his possession, custody or control that are relevant to the government's inquiries.

Martin understands that he has a right to have counsel present when communicating with representatives of the government concerning the criminal conduct with which he has been charged.  To facilitate his cooperation, Martin hereby knowingly and voluntarily waives this right with respect to all debriefings by law enforcement agents and government attorneys and all appearances to testify.  This waiver may be revoked at any time by a specific request by Martin or his counsel without otherwise affecting the terms or enforceability of this Agreement.

To enable the Court to have the benefit of all relevant sentencing information, Martin waives any rights he may have to prompt sentencing and will join in any requests by the U.S. Attorney that sentencing be postponed until Martin's cooperation is complete.  Martin understands that the date of Martin's sentencing is within the sole discretion of the Court and that this Agreement may require Martin's cooperation to continue even after Martin has been sentenced.  Martin's failure to continue to cooperate pursuant to the terms of this Agreement after sentence is imposed shall constitute a breach of this Agreement by Martin.

    b.    <u>Substantial Assistance Motion</u>

In the event that Martin provides substantial assistance in the investigation or prosecution of another person who has committed a criminal offense, the U.S. Attorney agrees that, at or before the time of sentencing, the U.S. Attorney will make a motion under U.S.S.G. § 5K1.1 so that the sentencing court may impose a sentence below that which otherwise would be required under the relevant statutes.

The determination whether Martin has provided substantial assistance rests solely in the discretion of the U.S. Attorney and is not subject to appeal or review.  The U.S. Attorney expressly reserves the right to decline to file a motion pursuant

Michael Bourbeau, Esquire
RE: Ryan Martin CR No. 04-10370-RGS
page  7


to U.S.S.G. § 5K1.1 if Martin violates any condition of his pretrial release, violates any of the requirements of honesty and candor detailed in paragraph 7(a) above, or engages in any criminal conduct after the date he signs this Agreement.

    c.    Sentence Recommendation with Substantial Assistance

If Defendant provides substantial assistance, subject to all the provisions of paragraphs 7(a) and (b) above, the U.S. Attorney will advise the sentencing judge of the full nature, extent and value of the assistance provided by Martin.

The U.S. Attorney reserves the right to recommend a particular sentence or sentencing range, or to make no recommendation at Martin's sentencing.

    d.    Letter Immunity

In return for Martin's full and truthful cooperation, the U.S. Attorney agrees not to use any information provided by Martin pursuant to this Agreement or pursuant to the proffer letter dated April 12, 2005 (or any information directly or indirectly derived therefrom) against Martin in any criminal case except in a prosecution (1) for perjury or obstruction of justice, or for making a false statement after the date of this Agreement; or (2) for an act of physical violence against the person of another, or conspiracy to commit any such act of violence. The U.S. Attorney reserves the right to respond fully and completely to all requests for information by the District Court and U.S. Probation Office in this case. All such disclosures, however, shall be made subject to the provisions constraining the use of this information by the District Court and U.S. Probation Office contained in U.S.S.G. § 1B1.8(a) and the commentary thereto. Notwithstanding the provisions of U.S.S.G. § 1B1.8(b)(5) and the commentary thereto, the U.S. Attorney agrees to take the position that at the time of sentencing information provided by Martin pursuant to this Agreement should not be used either in determining where within the applicable guideline range to sentence Martin or in determining whether, or to what extent, a departure from the Sentencing Guidelines is warranted.

If the U.S. Attorney determines that Martin has breached this Agreement by making any false, incomplete or misleading statement, or by providing any false, incomplete or misleading information to any law enforcement personnel, grand jury or

Michael Bourbeau, Esquire
RE: Ryan Martin CR No. 04-10370-RGS
page 8

court, the U.S. Attorney may terminate this Agreement as set forth below, and may also prosecute Martin for any and all offenses that could be charged against him in the District of Massachusetts, including, but not limited to, false statements and perjury.

8. Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Martin faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Martin's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Martin may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Martin withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

9. Forfeiture

Martin will forfeit to the United States any and all assets subject to forfeiture pursuant to 21 U.S.C. § 853 as a result of his guilty plea. The assets to be forfeited include, but are not limited to, cash, stocks, bonds, certificates of deposit, tangible and intangible personal property and real estate.

In order to assist the United States in locating and forfeiting directly forfeitable and substitute assets, Martin shall deliver to the U.S. Attorney within thirty days after signing this Agreement a sworn financial statement, executed under the pains and penalties of perjury, fully and truthfully disclosing the existence, nature and location of all assets in which Martin currently has any legal or beneficial interest, and all assets over which Martin has exercised control, or has had any legal or beneficial interest, at any time from August 2002 to the present. At the request of the U.S. Attorney, Martin further agrees to be deposed with respect to Martin's assets.

Forfeiture of substitute assets shall not be deemed an alteration of Martin's sentence. The forfeitures set forth

Michael Bourbeau, Esquire
RE: Ryan Martin CR No. 04-10370-RGS
page  9

herein shall not satisfy or offset any fine, restitution, cost of imprisonment, or other penalty imposed upon Martin, nor shall the forfeitures be used to offset Martin's tax liability or any other debt owed to the United States.

In addition to all other waivers or releases set forth in this Agreement, Martin hereby waives any and all claims arising from or relating to the forfeitures set forth in this section, including, without limitation, any claims arising under the Double Jeopardy Clause of the Fifth Amendment, or the Excessive Fines Clause of the Eighth Amendment, to the United States Constitution, or any other provision of state or federal law.

The United States District Court for the District of Massachusetts shall retain jurisdiction to enforce the provisions of this section.

Martin hereby waives and releases any and all claims he may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

10.  Information For Presentence Report

Martin agrees to provide all information requested by the U.S. Probation Office concerning his assets.

11.  Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Martin may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

12.  Rejection of Plea By Court

Should Martin's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Martin, this Agreement shall be null and void at the option of the U.S. Attorney.

Michael Bourbeau, Esquire
RE: Ryan Martin CR No. 04-10370-RGS
page   10


13. Breach of Agreement

If the U.S. Attorney determines that Martin has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Martin, through counsel or otherwise, in writing.  The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement.  Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement.  Martin recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea.  Martin understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Martin before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, or pursuant to the proffer agreement dated April 12, 2005 without any limitation. In this regard, Martin hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

14. Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

15. Complete Agreement

This letter contains the complete agreement between the parties relating to the disposition of this case.  No promises, representations or agreements have been made other than those set forth in this letter and in the proffer letter dated April 12, 2005.  This Agreement supersedes prior understandings, if any, of the parties, whether written or oral with the sole exception of those contained in the proffer letter dated April 12, 2005.  This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

Michael Bourbeau, Esquire
RE: Ryan Martin CR No. 04-10370-RGS
page   11

    If this letter accurately reflects the Agreement between the U.S. Attorney and Martin, please have Martin sign the Acknowledgment of Agreement below.  Please also sign below as Witness.  Return the original of this letter to Assistant U.S. Attorney Nancy Rue.

    Very truly yours,

    MICHAEL J. SULLIVAN
    United States Attorney

By: _____
    Laura J. Kaplan
    Chief, Violent & Organized
    Crime Section


    Nancy Rue
    Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_R. Martin_
Ryan Martin
Defendant

Date: 7/14/05

I certify that Ryan Martin has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_MB_
Michael Bourbeau, Esq.
Attorney for Defendant

Date: 7/14/05