UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA   )
            Plaintiff     )
                          )   Cr.# 04-10370-RGS
      v.                  )
                          )
RYAN MARTIN               )
            Defendant     )
_____)
```

**SUPPLEMENTAL SENTENCING MEMORANDUM OF DEFENDANT RYAN MARTIN**

This memorandum is being submitted to supplement the memorandum previously filed in November 2005 and to address the issue that has been raised by the recently revised PSR. As set forth previously Mr. MARTIN respectfully submits that all the factors of 3553(a), as well as his substantial cooperation with the government provide a justifiable basis for a time served probationary sentence.

The United States Court of Appeals for the First Circuit in <u>United States v. Jiminez-Beltre</u>, 440 F.3d 514, 518 (1st. Cir. 2005), *en banc,* reiterated the importance of the imposition of a discretionary "reasonable sentence" and agreed with the approach taken by the district court, Saylor, J, of determining the guideline range including any departures, followed by a determination of whether other factors warrant a sentence outside the guideline range. The First Circuit expressed, however, that "guidelines are still <u>generalizations</u> that may appear unreasonable to sentencing judges in particular cases.... *Booker's* remedial solution makes it possible for

1

court's to impose non-guideline sentence that override the guidelines subject only to the ultimate requirement of reasonableness." (Emphasis in opinion).

In the case at bar the Guidelines fail to individualize and particularize the important sentencing factors affecting Mr. MARTIN. Further, Mr. MARTIN disagrees with Probation's calculation of the Guidelines and its inexplicable July 18, 2006 revision eliminating the previous finding that Mr. MARTIN had qualified for the safety valve.

**Guideline calculations**: Mr. MARTIN maintains that pursuant to the Guidelines, utilizing the equivalency tables for oxycontin, he would be responsible for 100 to 400 kilograms of marijuana with a base offense level of **26**. After reductions for his "safety valve" cooperation, U.S.S.G. 2D1.1(b)(7) and acceptance of responsibility, U.S.S.G. 3E1.1, his total offense level is **21**. Probation has now determined that he not only does not receive the safety valve adjustment but also an enhancement for obstruction of justice, U.S.S.G. § 3C1.1 for a total offense level of **25**.

**A reduction for safety valve was fully contemplated by the plea agreement, see paragraph 3.**

Probation bases its assessment, as now revised, simply on the charged offense of intimidation of a witness. However, that charge, as outlined in paragraphs 14-18 of the PSR, involved implied third party threats in order to secure repayment of monies **unrelated** to the drug count of conviction. It also was not a "credible" threat of violence so as to deny application of the safety valve. It is clear from a review of the facts that

2

there was not an actual *credible* threat of violence, that is steps taken to carry out an act of violence, or even the ability or expression to do so by Mr. MARTIN. See e.g. Robinson v. Brady, 300 F. Supp. 665, 668 (D. Mass 1969). ("In law "threat" has universally been interpreted to require more than the mere expression of intention. It has, in fact, been interpreted to require both intention and ability in circumstances which would justify apprehension on the part of the recipient of the threat" Mr. MARTIN, therefore, should be entitled to both a safety valve reduction and no enhancement for obstruction of justice because any implied threat was unrelated to the count of conviction.

**18 U.S.C. § 3553 factors**...   Mr. MARTIN respectfully submits that this Honorable Court could take into consideration, in addition to any cooperation with the government and the expected U.S.S.G. § 5K1.1 motion, the following significant factors in mitigation.

**Post offense rehabilitation**.  As set forth in the attachments hereto,  Mr. MARTIN, has been gainfully employed and utilizing his salary to take care of his family.  He has been a loving, nurturing father and son living up to more than his responsibilities.   He has also taken significant steps to resolve his substance abuse (as well as ADHD) issues. See letter from Dr. Adler.  Further, he has taken the important step of not only addressing his own problem. See attached letter from "Vera M."  See also United States v.Perella,273 F. Supp.2d 162 (D.C. Mass. 2003).

3

**Need for further treatment and rehabilitation**... Mr. MARTIN has suffered a protracted history of substance abuse that until recently had gone untreated.  PSR ¶s 139-147.  Prior to the instant offense he never had been in any substance abuse treatment program.  As this Honorable Court is aware, Mr. MARTIN had one short period of relapse, which he immediately addressed. According to the attached letter from Vera M. "Ryan seems to have stepped up to the challenge of staying clean and sober." Relapse is not uncommon with drug addicts and his history of drug abuse is a significant factor that evidences his need for further treatment, see 18 U.S.C. § 3553(a)(2)(D).

**Early Resolution**  Mr. MARTIN's early admission of wrongdoing and cooperation with the government, clearly instigated others to plead guilty. Whether or not the government files a a 5K1.1 motion, a "departure" for such cooperation, evidences extraordinary acceptance of responsibility.

**Relative Culpability and Peripheral Role**.  There is little question that Mr. MARTIN is less culpable than others in this OxyContin distribution conspiracy.  The typical Guideline calculations, fail to distinguish a supplier from an addict. Mr. MARTIN respectfully submits that his lessor role in the transactions, in conjunction with his own addiction, is greater than that taken into account by the rigid application of the drug quantity Guidelines.

**RECOMMENDED SENTENCE**

Mr. MARTIN has spent approximately **6 and a half months actual time** in custody pending these proceedings. Following his release he cooperated fully with the government. Mr. MARTIN respectfully requests that this Honorable Court sentence him to time served with three years probation and drug treatment as a condition of probation. Such a sentence would recognize his assistance in the prosecution of others, and the risks taken as a result thereof, as well as reflect the seriousness of the offense, the sentences of others similarly situated, and provide Mr. MARTIN with needed treatment and rehabilitation.

Date: July 25, 2006            Respectfully submitted,

                               RYAN MARTIN,
                               By his attorney,

                               *s/Michael C. Bourbeau*
                               Michael C. Bourbeau (BBO #545908)
                               Bourbeau and Bonilla
                               77 Central St, 2nd Floor
                               Boston, MA 02109
                               (617) 350-6565


**Certificate of Service**
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.
*S/Michael C. Bourbeau*

5

# *Comprehensive Psychiatric Associates*

372 Washington Street
Wellesley, Massachusetts 02481
Telephone 781-239-3550
Fax 781-239-3272

Bruce Black, M.D.
Charles E. Adler, M.D.
Steven J. Auster, M.D.
Ellen Cohen, M.D.
Laurie Hammer, M.D.
Doreen Kalter, M.D.
Michael Tsappis, M.D.
Gail Hanson-Mayer, R.N., C.S.
Lolly Kombrink, R.N., C.S.
Andrew Aspel, Ph.D.
Valerie Auster, Psy.D.
Debora Bolter, Ph.D.

Elizabeth Buckner, Ph.D.
Linda D. Kames, Psy.D.
LuAnn Keough, Ph.D.
Steven I. Lessin, Ph.D.
Shellie Miller, Psy.D.
Dale Young, Psy.D.
Martha Frost, L.I.C.S.W.
Carolyn Greenspon, L.I.C.S.W.
Kathryn Klickstein, L.I.C.S.W.
Jennifer Mehrtens, L.I.C.S.W.
Audrey Rubin Nathan, L.I.C.S.W.
Joyce Ruderman, L.I.C.S.W.

Mental Health Services for
Children, Adolescents, Adults, and Families

www.WellPsych.com

July 20, 2006

Attorney Michael Bourbeau
Via Fax : (617) 350-7766

RE: Ryan Martin

I am writing at the request of Ryan Martin. I am a psychiatrist who has been providing psychopharmacologic treatment for Mr. Martin. I initially assessed him on 3/14/2006 and diagnosed him as having ADHD, alcohol abuse, cocaine abuse, and alcohol dependence in remission. I am currently prescribing Wellbutrin. He has been cooperative with the treatment with me.

Yours very truly,

Charles Adler, M.D.

To Whom it may concern:

I am writing this letter on behalf of Ryan Martin, who is my daughter, Madison's father. In whatever decisions are to be made regarding Ryan Martin, I hope you can consider that he is someone that I, and Madison can depend on. Ryan is very much involved in Madison's life, and takes care of her emotionally and financially. Ryan spends every other weekend with Madison, and often any extra time that he can. Madison truly loves her daddy, and really needs this relationship in her life. Ryan also helps support her, and is very cooperative with child support and finances. We both depend on him to be there for Madison, and he is. Madison is a very well adjusted seven year old girl, but I am very concerned about her emotionally, if her relationship with her father is jeopardized. I am hoping, that all things considered, you will allow their relationship to grow. Thank You,

Holly Faircone

This is some school work Madison did, when asked how a certain story made her feel.

Name: Madi___

## What It Means to Me

Date: 4-4-06

Title: Troy's Hat

My conecions
my parets do not
live together.
I miss my dad)
The time I saw se
my stuft animals
and look at my dad
picture.





I new how Tiny was feeling in the back I feel like that all the time and I really miss my dad.

7-19-06

To Whom it may concern,

I am Ryan's mother, Charlene D'Angelo. Ryan has been paying his stepfather and me $300.00 a month for rent, and he has been helping me financially since Nov. 2005. I was layed off at that time. The unemployment checks do not cover the expenses of running a home. Ryan has been giving me $400.00 a month, to help me pay bills while I'm unemployed and in school. Ryan helps his stepfather, Joe D'Angelo, by mowing the lawn and raking it. He also waters the lawn and my flowers. Ryan has even been very helpful with household chores, like laundry, dishes and by picking things up around the house. Ryan has been really successful in achieving a well rounded, balanced life style. When Ryan has his weekends with his daughter, Madison, it fills my heart with joy to see the bond and love they have for each other. She doesn't want to leave his side, she doesn't want to lose him again. She remembers the time he spent away, when Ryan was in Middlesex County Jail. Ryan has taken all of his problems very seriously, and works daily to right the wrongs.

Sincerely
Charlene D'Angelo

July 18, 2006

To whom it may concern

I have been attending AA + NA meetings now for 20 years consecutively. I have recently in the past five months attended meetings with Ryan Martin he has been frequently at my groups on a regular basis. I personally have introduced Ryan to many people and he seems to be making his own way in the program. Though recovery can be difficult for many of us. Ryan seems to have stepped up to the challenge of staying clean + sober.

Should you have any questions please feel free to contact me at 508 987 2712 - cell 774-239 1152

Vera M.
I choose to remain annonymous however if you should need me to identify myself

| CO. | FILE | DEPT | CLOCK | VCHR. NO. | 010 |
|---|---|---|---|---|---|
| WPC | 999870 | 200 | | 0000280023 | 1 |

# EARNINGS Statement

ADP

IPSWITCH, INC.
10 MAGUIRE RD. SUITE 220
LEXINGTON, MA 02421-3127

Period Ending: 07/14/2006
Pay Date: 07/14/2006

Taxable Marital Status: Single
Exemptions/Allowances:
  Federal: 1
  MA: 1

RYAN MARTIN
112 WHITMARSH AVENUE
WORCESTER, MA 01606

Social Security Number: XXX-XX-3418

| arnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| egular | 2884.62 | | 2,884.62 | 46,120.44 |
| T | | | | 360.00 |
| nus | | | | 882.69 |
| Gross Pay | | | $2,884.62 | 47,363.13 |

| Other Benefits and Information | this period | total to date |
|---|---|---|
| G.T.L. | 3.70 | 51.80 |

| eductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -530.71 | 8,963.09 |
| | Social Security Tax | -177.76 | 2,924.47 |
| | Medicare Tax | -41.57 | 683.95 |
| | MA State Income Tax | -143.91 | 2,281.30 |
| | Other | | |
| | Checking 1 | -1,969.50 | |
| | Health Ins | -21.17* | 246.04 |
| | Net Pay | | $0.00 |

* Excluded from federal taxable wages

Your federal taxable wages this period are
$2,863.45

© 2000 ADP, Inc.

VERIFY DOCUMENT AUTHENTICITY - COLORED AREA MUST CHANGE IN TONE GRADUALLY AND EVENLY FROM DARK AT TOP TO LIGHTER AT BOTTOM

IPSWITCH, INC.
10 MAGUIRE RD. SUITE 220
LEXINGTON, MA 02421-3127

Advice number: 00000280023
Pay date: 07/14/2006

Deposited to the account of
RYAN MARTIN

| account number | transit ABA | amount |
|---|---|---|
| 1938005673 | 0113 0447 | $1,969.50 |

THIS IS NOT A CHECK

NOT VALID AFTER 180 DAYS

p.1

Jul 24 06 08:54a